Chen v. Holder

BIA
Wright, IJ
A099 539 383

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fourteen.

PRESENT:
>            PIERRE N. LEVAL,
>            JOSÉ A. CABRANES,
>            CHRISTOPHER F. DRONEY,
>                 *Circuit Judges.*

_____

QUI TAI CHEN,
>      *Petitioner,*

>           v.                                  13-568
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Robert J. Adinolfi, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; William C. Peachey, Assistant Director; Brianne Whelan Cohen, Acting Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qui Tai Chen, a native and citizen of China, seeks review of a January 25, 2013, decision of the BIA affirming the August 31, 2011, decision an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qui Tai Chen*, No. A099 539 383 (B.I.A. Jan. 25, 2013), *aff'g* No. A099 539 383 (Immig. Ct. N.Y. City Aug. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the

plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency's credibility determination is supported by the record. First, the agency reasonably found Chen not credible based on his failure to include the fine he was allegedly required to pay to the family planning authorities in his asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3 (stating that an "inconsistency and an omission are . . . functionally equivalent"). At the hearing, Chen testified that, in 2005, the authorities fined him 20,000 renminbi because of his wife's two unauthorized pregnancies, he was unable to pay the fine, and that the authorities went to his house to collect the fine or arrest him if he could not pay, but he had already left China. He later stated that his

3

inability to pay the fine was the reason he left China. When he was asked why his asylum application did not mention either the fine or the threat of arrest, he averred that the assistant at the law office did not include them, although he had mentioned both. The agency was not required to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (A petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."). Moreover, this omission goes to the heart of Chen's claim that he suffered past persecution and it was proper grounds for an adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3.

Second, the agency reasonably found that the lack of corroboration further harmed Chen's credibility, given that the letters from his wife and in-laws also failed to state that he had been fined, and the family planning notice he submitted did not state the amount of the fine. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). When an inconsistency is obvious, the agency need not explicitly notify the applicant. *See Xian Tuan Ye v. DHS*, 446 F.3d

4

289, 295-96 (2d Cir. 2006).  However, Chen was put on notice, as he was asked for an explanation and for documentation; yet, he never offered an explanation for why his wife and in-laws failed to mention the fine.  The agency's reliance on the lack of corroboration is reasonable.  The adverse credibility determination is dispositive of Chen's claims for withholding of removal and CAT relief, as the claims share the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk